Daniel, J.
This is an action upon fhe case for words spoken, and for a libel. There are two counts in the declaration;- the first is for a libel; the second for words spoken in the presence of a number of people, viz. that “ Doctor Dudley is a rogué, thief, liar and murderer.” There was no exception taken a's to the first count for a libel. On the second count, there was no colloquium proved at the trial of any particular larceny, nor was there any particular individual referred to, as having been murdered by the plaintiff. The Judge, notwithstanding, ruled and instructed the jury that each of the words spoken by the defendant (viz. “ Doctor Dudley is a thief and a murdeier”) was actionable of itself. We are of the opinion that the charge of his Honor was correct. Calling a person a thief is actionable, ifit be thereby intended to impute a felony. If it appear from the context or the plaintiff’s own shewing, that the word thief was not used in a felonious sense, the plaintiff will be nonsuited. Thompson v Bernard, 1 Comp. 48. Otherwise, it lies on *144 the defendant to shew that the words were not used hi a felonious sense. Penfield v West cole, 2 New Rep. 335. An action may be maintained for calling a person a murderer (1 Rolle’s Ab. 72) under the same rules, as we have just mentioned as to the word thief. Either of the said two words, in the absence of context, or proof to the contrary on the trial, ex vi termini imports a felony. The judgment must be affirmed.
Per Curiam. Judgment affirmed.